**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ERIC MARTIN MATTHEWS,** | ) | |
| **ID # 75804-004,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:09-CV-1024-K (BH)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **Referred to U.S. Magistrate Judge** |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

## I.  BACKGROUND

Pursuant to 28 U.S.C. § 2241, Petitioner, a federal prisoner incarcerated in FCI-Seagoville, challenges the constitutionality of 42 U.S.C. § 16913 and the supervised release component of the federal sentence imposed in *United States v. Matthews*, No. 06-CR-14069-CR-JEM (S.D. Fla..)  He names the United States of America as respondent.

In 2007, Petitioner pled guilty to (1) using a computer to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) and (2) distributing child pornography in violation of § 2252(a)(2).  He was sentenced to 262 months imprisonment to be followed by supervised release for life.  Although he did not appeal his conviction or sentence, he has unsuccessfully sought to set aside his sentence through a motion to vacate pursuant to a 28 U.S.C. § 2255.

On June 3, 2009, this Court received a petition for writ of habeas corpus asserting that petitioner is properly challenging the "execution" of his sentence pursuant to 28 U.S.C. § 2241 because he is in custody in violation of the Constitution or laws of the United States.

## II. JURISDICTION UNDER § 2241

Section 2241(a) provides district courts the power to grant a writ of habeas corpus to remedy a petitioner's restraint of liberty in violation of the constitution, treaties, or laws of the United States. *United States v. Hayman*, 342 U.S. 205, 211-12 & n.11 (1952). "Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). While § 2255 provides the primary means of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing," § 2241 is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Padilla v. United States,* 416 F.3d 424, 425-426 (5th Cir. 2005) (internal quotations and citations omitted). The remedy afforded under § 2241 is "no different" from the scope of remedy afforded under § 2255. *Kinder*, 222 F.3d at 214. However, a petition filed under § 2241 "is not . . . a substitute for a motion under § 2255." *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

A § 2241 petition that seeks to challenge the validity of a federal sentence, *i.e.*, by attacking errors that occurred at trial or sentencing, must either be dismissed or construed as a § 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). However, if a petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his or her detention, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the "savings clause" of § 2255. *Padilla*, 416 F.3d at 426. That clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it

appears that the applicant has failed to apply for relief, by motion, to the court which
sentenced him, or that such court has denied him relief, unless it also appears that the
remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).[1]  "[T]he burden of coming forward with evidence to show the inadequacy or

ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers*, 253 F.3d at 830.

The case law is clear that this is a stringent requirement. *Reyes-Requena v. United States*, 243 F.3d

893, 901 (5th Cir. 2001).  If a petitioner who has filed a § 2241 petition fails to show § 2255 to be

inadequate or ineffective, then the Court lacks jurisdiction to consider the § 2241 petition.  *See*

*Christopher v. Miles*, 342 F.3d 378, 379 (5th Cir. 2003) (remanding a case for dismissal for lack of

jurisdiction when the petitioner failed to show § 2255 inadequate or ineffective).

Utilization of § 2241 instead of § 2255 is limited to very specific situations, and a petitioner

seeking relief under the savings clause of § 2255 must demonstrate three things:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the
> Supreme Court decision establishes that he was 'actually innocent' of the charges
> against him because the decision decriminalized the conduct for which he was con-
> victed; and (3) his claim would have been foreclosed by existing circuit precedent
> had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Id.* at 382; *accord Padilla*, 416 F.3d at 426.  "Of course, this test will operate in the context of [the

Fifth Circuit's] existing jurisprudence regarding what is *not* sufficient to obtain access to the savings

clause." *Reyes-Requena*, 243 F.3d at 904 (citing *Pack* as reflective of such jurisprudence).  A peti-

tioner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as

the one-year statute of limitations or restriction on filing second or successive motions to vacate.

*See Pack*, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255

ineffective or inadequate); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that suc-

---

[1]  Effective January 2008, the savings clause was designated as subparagraph (e) without alteration of its text.

cessiveness does not make § 2255 ineffective or inadequate).  As the Fifth Circuit noted in *Pack*,

> [t]o hold otherwise would flout Congress's obvious intent to give meaning to these
> procedural requirements.  A ruling that the section 2255 remedy was inadequate or
> ineffective, such that a petitioner could invoke section 2241, simply because the peti-
> tioner's prior section 2255 motion was unsuccessful, or barred, or because he could
> not file another motion, would render those procedural requirements a nullity and
> defy Congress's clear attempt to limit successive habeas petitions.

218 F.3d at 453.

In this case, Petitioner challenges the execution of his sentence based on § 2241(c)(3), claiming that he is in custody in violation of the Constitution, laws, or treaties of the United States. The petition makes clear that he is challenging the supervised release component of his federal sentence.  Section 2255 is the specific provision that governs this type of challenge, however. Specific provisions such as § 2255 govern over more general ones like § 2241.  *Williams v. Quarterman*, No. 3:08-CV-1381-K, 2008 WL 4378101, at *1 n.2 (N.D. Tex. Sept. 25, 2008) (accepting recommendation of Mag. J.).  For § 2241 to apply in this case, Petitioner must satisfy the savings clause of § 2255.  He does not specifically invoke the savings clause of § 2255 or pursue a claim that falls within the exceptions in the savings clause.  Nor does he contend that § 2255 is ineffective or inadequate.  Consequently, Petitioner has failed to carry his burden to show § 2255 is ineffective or inadequate so that he can pursue his claims under § 2241.

The Court must either construe the action as arising under § 2255 or dismiss it.  *See Pack*, 218 F.3d at 452.  Because Petitioner was convicted in the Southern District of Florida, this Court has no jurisdiction over a § 2255 motion filed by him.  *See Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) (holding that "the only court with jurisdiction to hear [a motion to vacate] is the court that sentenced [petitioner]").  Therefore, the Court may not construe the action as one under § 2255, and this action should be dismissed for lack of jurisdiction.  *See Christopher*, 342 F.3d at 379

4

(remanding a case for dismissal for lack of jurisdiction when the petitioner failed to show § 2255 inadequate or ineffective).

## III. RECOMMENDATION

The Court should **DISMISS** Petitioner's application for habeas corpus relief brought pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

**SIGNED this 5th day of June, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE